Liu v. Holder

BIA
Morace, IJ
A087 974 621

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand thirteen.

PRESENT:
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

YONG DENG LIU,
        *Petitioner,*

        v.                                    12-2460
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy
                       Assistant Attorney General; Greg
                       Mack, Senior Litigation Counsel;
                       Micheline Hershey, Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yong Deng Liu, a native and citizen of China, seeks review of a May 29, 2012, decision of the BIA affirming the April 6, 2011, decision of Immigration Judge ("IJ") Philip L. Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Deng Liu*, No. A087 974 621 (B.I.A. May 29, 2012), *aff'g* No. A087 974 621 (Immig. Ct. N.Y. City Apr. 6, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. §1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications, like Liu's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum

2

applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)©; *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Here, the agency reasonably found Liu not credible based on internal inconsistencies in his testimony and inconsistencies between his testimony and his documents. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Liu testified inconsistently regarding the dates of his arrests and whether he was with his wife when she was taken for sterilization, stating, contrary to his asylum application, that he was not with his wife in 2000 when the cadres came to take her for sterilization because he was out fishing, but on cross-examination changing his testimony to say that he was with her. Moreover, Liu testified that he was arrested twice, in 1995 and 2008, changed his testimony

3

to say he was arrested in 2000 and 2008, and then changed it again to say he could not recall the date of his first arrest but the second arrest was definitely in 2008. Furthermore, this inconsistent testimony contradicts Liu's asylum application, which mentions no incident in 1995 and places Liu with his wife in 2000 when she was taken for forced sterilization. As these discrepancies go to the heart of Liu's claim that he suffered past persecution on account of his resistance to the family planning policy in China, the agency's determination that Liu was not credible is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66.

The adverse credibility determination is further supported by the IJ's demeanor finding, to which we defer. *See Karaj v. Gonzales,* 462 F.3d 113, 116 (2d Cir. 2006) ("the IJ's opportunity to judge demeanor causes us to grant particular deference to credibility findings based on demeanor." (internal quotations and citation omitted)). The agency considered and reasonably rejected Liu's explanations for his inconsistencies, as his lack of literacy and education do not explain his inconsistent statement as to whether he was arrested in 1995 or in 2000 or where he was

when his wife was taken for sterilization. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (A petitioner "must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations and citation omitted)).

Given Liu's inconsistencies, demeanor, and non-responsive explanations, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because the only evidence of a threat to Liu's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes any relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5